# Oliver, Appellant, *v.* Oliver.

*Trusts and trustees — Equity — Real property — Sale — Verbal promise to reconvey—Parol mortgage—Act of June 8, 1881, P. L. 84—Insufficient evidence—Bill in equity.*

In a suit in equity to declare defendant trustee of certain land for plaintiff's benefit it appeared that defendant had paid plaintiff $20,000 upon condition that the property be conveyed to him, which was done. Plaintiff testified that defendant had promised to convey to him upon the paying off of the loan but his statement was entirely uncorroborated and was contradicted by defendant and three other witnesses present at the time the deed was signed. There was, no proof that the conveyance to defendant had been procured through fraud, accident or mistake. The lower court decided (1) that plaintiff's statement if true was but evidence of an attempt to reduce an absolute conveyance to a mortgage and such attempt was void under the Act of June 8, 1881, P. L. 84; and found (2) that no such promise as claimed by plaintiff had been made by defendant. *Held,* the bill was properly dismissed.

Argued Oct. 14, 1915. Appeal, No. 138, Oct. T., 1915, by plaintiff, from decree of C. P. Allegheny Co., Jan. T.,

1915, No. 909, dismissing bill in equity to declare a trust in certain land, in case of Seward Oliver v. George Oliver. Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ. Affirmed.

Bill in equity to declare defendant trustee of certain land.

Evans, J., filed the following opinion:

Plaintiff's counsel has asked me to find fifteen findings of fact, and defendant's counsel has asked me to find twenty-three findings of fact. I have affirmed most of their requests and have probably covered the entire ground in doing so. The only really essential finding of fact for the disposition of this case is that on the 15th day of September, 1910, the plaintiff, Seward Oliver, executed a deed for the real estate in question absolute upon its face to his brother George Oliver, the defendant, the consideration being that George Oliver had that day paid off twenty thousand dollars of indebtedness of Seward Oliver, fifteen thousand dollars of which it was essential should be paid before Seward Oliver could get the title of his property from one M. G. Conlin, who, the court decreed, held the title to that property in trust for Oliver, but required Oliver to pay fifteen thousand dollars in cash. That the said deed of conveyance was made without fraud or deceit or misrepresentation in any particular, and without any promise on the part of the grantee to reconvey the property, and with full knowledge on the part of Seward Oliver that the entire title and his entire interest in the property was being conveyed to his brother.

I have refused some of the requests for conclusions of law presented by counsel for the defendant because they request me to say that the situation presented in this case "comes squarely within the statute of frauds, Act of April 22, 1856, P. L. 532, Section 4, which requires the declaration of trust to be in writing."

Counsel on both sides of this case tried it as though

the question involved was whether or not the defendant held this property in trust for the plaintiff. The plaintiff in his direct examination in answer to the question, "what was the conveyance to be made to your brother for?" answered, "why, he said he was raising this money and helping me to raise it. Q. And what was he to do with the property? A. He said to me 'when there is enough of this property sold to pay off this indebtedness, it will return to you; I will deed it back to you.'" Assuming this to be the fact, then the conveyance of the property by the plaintiff to the defendant was an absolute conveyance with an oral defeasance which, before the Act of June 8, 1881, Section 1, would have amounted to a mortgage. There is no pretense on the part of the plaintiff that there was any misrepresentation or any fraudulent inducement to him to sign this deed; he knew he was making a deed of his land to his brother; he knew the reason why he was making the deed, that his brother, through the assistance of the Crawford brothers, had raised twenty thousand dollars to be raised in order that the title could be gotten from M. G. Conlin; he knew he was making a deed absolute upon its face. The only thing that he alleges as a basis for his claim for a return of this property is that his brother agreed to deed the property back to him after the indebtedness to him of the twenty thousand dollars should be repaid.

In the case of Danzeisen's App., 73 Pa. 65, the plaintiff sought a reconveyance of the real estate in question, alleging that on the 30th of October, 1856, he conveyed the real estate to the defendant without consideration, but upon his agreement and upon the trust that he would obtain money upon the security of the real estate, discharge the plaintiff's liabilities, apply the rents of the real estate to the payment of the borrowed money, and reconvey the property to the plaintiff when the rents were sufficient to satisfy the loan. That was exactly the condition in the present case, except that the grantee .

himself was advancing the money to pay certain debts. Justice AGNEW, in delivering the opinion of the court says (69):

"The transaction between Danzeisen and the elder Miller in this case was a mortgage. The former conveyed his property to the latter expressly as a security for money to be obtained to pay his debts. Miller agreed to take the property, raise the money through a certain building association, apply the rents to a repayment of the loan, and to reconvey when the building association expired.

In such a case, where the purpose of the parties is not to sell, but to make the deed a mere security, it cannot be material that Miller was to procure the money from an association whose business it was to lend money on real estate security."

If, then, I were to find that the conveyance from Seward Oliver to George Oliver was made under the oral promise as alleged by the plaintiff, there would be no right in the plaintiff to demand a reconveyance because of the provisions of the Act of June 8, 1881, P. L. 84. That act provides:

"No defeasance to any deed for real estate regular and absolute upon its face, made after the passage of this act, shall have the effect of reducing it to a mortgage, unless the said defeasance is made at the time the deed is made and is in writing, signed, sealed, acknowledged and delivered by the grantee in the deed to the grantor, and is recorded in the office for the recording of deeds and mortgages in the county wherein the said lands are situated, within sixty days from the execution thereof; and such defeasances shall be recorded and indexed as mortgages by the recorder."

But I have found the fact against the plaintiff's contention. The plaintiff was entirely uncorroborated, and his statement as to what occurred was contradicted by the defendant and by three other witnesses present at the time the deed was signed. Not only was there no

promise made by George Oliver, but the plaintiff's attention was particularly called to the fact that he was conveying away his entire property, and that on the execution of that deed he would have no further title or interest therein. Instead of the weight of the evidence being with the plaintiff, the weight of the evidence is overwhelmingly with the defendant. He had succeeded in having a decree of the court made that Conlin held the property in trust for him, and Conlin was decreed to convey the property to Seward Oliver on condition of the payment by Oliver of fifteen thousand dollars. He owed five thousand dollars as counsel fees in the litigation which resulted in his establishing the trust in Conlin. He had no money to pay that amount and was unable to secure any. Without the aid of the Crawfords and his brother, George, he could not secure that money. Crawfords refused to assist in raising the money except on the condition that the absolute title to the property should be conveyed to George Oliver. The plaintiff acquiesced in that, acquiesced with the full knowledge of what it meant, and stated that he preferred, if he was going to lose his property, that his brother should have it rather than Conlin.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were various findings of fact and conclusions of law and in dismissing the bill.

*S. S. Robertson,* with him *H. R. Birmingham,* for appellant.

*A. C. Purdy,* with him *Fred W. Scott,* and *H. P. Burns,* for appellee.

Per Curiam, January 3, 1916:

This decree is affirmed on the discussion by the learned judge below of the facts found.

Decree affirmed at appellant's costs.